Ian F. McFarland, *pro hac vice*
ian.mcfarland@zimmreed.com
ZIMMERMAN REED LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400 Telephone
(612) 341-0844 Facsimile

Jon Tostrud (199502)
jtostrud@tostrudlaw.com
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 278-2600 Telephone
(310) 278-2640 Facsimile

*Attorneys for Commercial and Institutional Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENA TO PACIFIC AGRI-PRODUCTS, INC.<br><br>In connection with<br><br>IN RE PORK ANTITRUST LITIGATION<br>Case No. 18-cv-1776 (JRT/HB) (D. Minn.) | CASE NO.: 21-mc-80241-DMR<br><br>**NOTICE OF WITHDRAWAL OF CIIPPS' MOTION TO COMPEL AND JOINT DISCOVERY LETTER**<br><br>Date:<br>Time:<br>Crtrm:<br>Before: Hon. Donna M. Ryu |

**TO THE COURT, PACIFIC-AGRI PRODUCTS, INC., AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT:** Pursuant to Civil Local Rule 7-7, Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") withdraw their Motion to Compel Compliance with Subpoena Directed to Pacific Agri-Products, Inc. ("Pac-Agri") ("the Motion") and the joint discovery letter filed with the Court by the parties on November 12, 2021. This withdrawal is made without prejudice and without waiver of CIIPPs' right to re-file the Motion in the District of Minnesota:

1    WHEREAS, CIIPPs initiated this miscellaneous action by filing the Motion on October 13, 2021;

2    WHEREAS, Pacific Agri-Products, Inc. was served with the Motion on October 14, 2021;

3    WHEREAS, the Court denied the Motion without prejudice on October 22, 2021, and ordered the parties to file a joint letter addressing Pac-Agri's trade secret objection by November 12, 2021;

4    WHEREAS, the parties filed their joint discovery letter on November 12, 2021;

5    WHEREAS, on November 14, 2021, all of the pork antitrust cases pending in the District of Minnesota—including those of CIIPPs, direct purchaser plaintiffs, end user plaintiffs, and several opt out direct action plaintiffs—were consolidated into a single MDL in the District of Minnesota for pretrial proceedings;

6    WHEREAS, the MDL court explained in its Memorandum Opinion and Order Consolidating Actions that it was consolidating the cases into a single MDL because

> An MDL authorizes the Court to "exercise the powers of a district judge **in any** district for the purpose of conducting pretrial depositions." 28 U.S.C. § 1407(b) (emphasis added). Consolidating the cases into the MDL will therefore further increase efficiency and decrease the risk of inconsistent discovery rulings by eliminating the need for multiple courts to get involved in addressing nonparty subpoenas.

*In re Pork Antitrust Litig.*, No. 18-1776 (JRT/HB), 2021 WL 5310590, at *3 (D. Minn. Nov. 14, 2021);

WHEREAS, in light of the MDL court's consolidation order, the MDL court in the District of Minnesota is now the proper forum to hear CIIPPs' Motion;

WHEREAS, "Civil Local Rule 7-7(e) permits a moving party to withdraw its motion within seven days after an opposition is filed." *Gardiner v. Walmart Inc.*, No. 20-CV-04618-JSW, 2021 WL 2520103, at *11 n.4 (N.D. Cal. Mar. 5, 2021);

WHEREAS, seven days have not elapsed since Pac-Agri opposed CIIPPs' Motion in the parties' joint discovery letter;

WHEREAS, the undersigned provided Pac-Agri a copy of the MDL Court's consolidation order on November 16, 2021, and Pac-Agri agreed to the withdrawal of the Motion and the joint discovery letter without prejudice and without waiver of CIIPPs' right to re-file the Motion in the District of Minnesota;

WHEREAS, "[T]he filing of a timely notice of withdrawal is self-executing." *Id.* (citing L.R. 7-7(e) and *Thomas v. Evans*, No. C 06-3581 MMC (PR), 2008 WL 2024954, at *1 (N.D. Cal. May 9, 2008));

WHEREFORE, CIIPPs hereby withdraw the Motion and the joint discovery letter without prejudice and without waiver of CIIPPs' right to re-file the Motion in the District of Minnesota, in accordance with the MDL court's order. *See, e.g.*, *Larson v. Harman-Mgmt. Corp.*, No. 116CV00219DADSKO, 2018 WL 3326695, at *1 (E.D. Cal. Mar. 22, 2018) ("Withdrawal of a motion has a practical effect as if the party had never brought the motion."); *Remley v. Lockheed Martin Corp.*, No. 3:00-cv-02495-CRB, 2001 WL 681257, at *3 (N.D. Cal. June 4, 2001) ("The withdrawal of motion effectively meant that [defendant] had not made the motion.").

Date: November 18, 2021

Respectfully Submitted,

 */s/ Ian F. McFarland*

Ian F. McFarland, *pro hac vice*
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
ian.mcfarland@zimmreed.com

Jon A. Tostrud
Anthony M. Carter
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 278-2600
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

*Attorneys for Commercial and Institutional Indirect Purchaser Plaintiffs*